✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA
V.
THOMAS KELLY SOAP
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case    2:06 mj 32

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in __18 U.S.C. § 113(6)__.
  under 18 U.S.C. § 924(c).

X (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

  (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by  X clear and convincing evidence    a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____
*Date*

_____
*Signature of Judge*
Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 2:06mj32

**UNITED STATES OF AMERICA,**

Vs.                                                    **ADDENDUM TO**
                                                       **DETENTION ORDER**

**THOMAS KELLY SOAP.**

_____

**I.  FACTORS CONSIDERED**

   **18 U.S.C. § 3142:**

   **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

   **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, or an offense listed in section 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed or involves a narcotic drug;

   **(2)** the weight of the evidence against the person;

   **(3)** the history and characteristics of the person, including--

   **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  **(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a brutal crime of violence.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. The evidence shows that three persons brutally assaulted a 16 year old boy inflicting significant injuries.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the Cherokee Community. The defendant has had employment during the year 2006 but the defendant is presently unemployed. The defendant has a long length of residence in the community. The defendant has community ties. The history of the defendant relating to drug or alcohol abuse shows the following convictions.

| Conviction Date | Charge |
| --- | --- |
| 12/16/04 | Possession of marijuana up to ½ ounce |
| 02/23/05 | Purchasing or attempting to purchase, possession or consumption of alcohol under age 21 |
| 03/30/06 | Purchase, attempt to purchase, possession or consumption of alcoholic beverage |
| 07/05/06 | Possession of marijuana |
| 07/05/06 | Purchase, attempt to purchase, possession or consumption of alcoholic under age 21 |
| 10/10/06 | Possession of marijuana up to ½ ounce |
| 09/28/06 | Purchase, attempt to purchase, possession or consumption of alcoholic |
| 09/28/06 | Driving while impaired |

In regard to the defendant's criminal history, his record shows that in addition to the above referenced offenses, the defendant has no other criminal convictions. The record of the defendant regarding appearance at court appearances indicates that the defendant has appeared as he has been required to do.

(B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. This factor does

exist. The defendant was on both unsupervised or supervised probation or a suspended sentence at the time the offense alleged in the criminal complaint occurred.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that there is a danger to any other person or the community that would be posed by the defendant's release. The assault described in the criminal complaint was particularly brutal showing that three persons under the influence of alcohol and narcotics brutally attacking another person. Firearms were brought into play during the assault. The undersigned does not find that the release of the defendant would pose a danger that the defendant might flee the jurisdiction. The defendant has always appeared as he has been required to do in court matters. The court will allow the defendant to participate in the Jail Based Inpatient Treatment Program due to the three previous convictions of the defendant for the crime of possession of a controlled substance. Should the defendant successfully complete the Jail Based Inpatient Treatment Program, the defendant's counsel will be allowed to file a motion requesting that the court reconsider the issue of the detention of the defendant based upon a change of circumstances, that being the defendant's completion of the Jail Based Inpatient Treatment Program.

WHEREFORE, it is ORDERED that the defendant be detained pending further proceedings in this matter.

Signed: November 15, 2006

_____
Dennis L. Howell
United States Magistrate Judge